IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-10739
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE RAY JACKSON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4-98-CR-29-1-Y
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronnie Ray Jackson appeals his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jackson contends that the district court erred in denying his motion to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional in view of the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). Jackson acknowledges that this court rejected this argument in United States v. Rawls, 85 F.3d 240, 242 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996), but stated that he is raising this argument to preserve it for further review.  In <u>Rawls</u>, this court held that the reasons the Supreme Court gave in <u>Lopez</u> for holding 18 U.S.C. § 922(q) unconstitutional do not apply to § 922(g).  <u>Rawls</u>, 85 F.3d at 242.  A mere showing that the weapon in question traveled at some time from one state to another is enough to demonstrate the jurisdictional nexus with interstate commerce.  <u>United States v. Gresham</u>, 118 F.3d 258, 264-65 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 702 (1998).  <u>Rawls</u> is binding precedent.  <u>United States v. Kuban</u>, 94 F.3d 971, 973 (5th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 716 (1997); <u>United States v. Eastland</u>, 989 F.2d 760, 768 n.16 (5th Cir. 1993)("In this circuit, one panel may not overrule the decision -- right or wrong -- of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court.").

AFFIRMED.